IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEN OF THE FAMILY OWENS (MAN), <br> Plaintiff, <br><br> v. <br><br> 42 U.S.C. 654(3) PENNSYLVANIA BUREAU OF CHILD SUPPORT ENFORCEMENT AND THE 45 CFR 302.34 CONTRACTORS THEREOF OFFENDERS, *et al.*, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. 18-CV-3792 <br><br> **FILED** <br> SEP 1 1 2018 <br> KATE BARKMAN, Clerk <br> By_____Dep. Clerk |

## MEMORANDUM

SÁNCHEZ, C.J.  SEPTEMBER 10th, 2018

*Pro se* Plaintiff Ken of the Family Owens (Man) has filed this civil action against "42 U.S.C. § 654(3) Pennsylvania Bureau of Child Support Enforcement and the 45 CFR 302.34 Contractors Thereof Offenders," the "Domestic Relations Section Court of Common Pleas of Delaware County," and Judge Linda A. Cartisano, in which he appears to challenge Pennsylvania's statutory scheme for enforcing child support obligations and challenges child support obligations imposed upon him by the state courts. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Owens leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

1

I.  FACTS

Owens brings this suit requesting that his "IV-D collections case"[1] be closed "for fraud." (Compl. at 2.)[2] He asserts that the IV-D provisions are "repugnant to the [C]onstitution and abrogate[] the injured party's inherent right to raise his offspring in private without the [Pennsylvania Department of Human Services'] for profit destructive intrusion into his private life." (*Id.*) Owens contends that "Title IV-D only reads as a collection scheme for recouping IV-A[3] loans extended by PADHS to needy women with children from legal fathers." (*Id.* at 4.) He appears to believe that by signing a certificate of parentage, a noncustodial parent "assum[es] the obligation of IV-A extended loans" without being told that he or she is doing so. (*Id.* at 6-7.) He also asserts that the "certificate of parentage allows the IV-D applicant to seek a child support order without further court proceedings to establish paternity," in violation of "Article I § 11." (*Id.* at 7.)

Owens goes on to allege that the "compelled IV-D payments" have denied him equal protection of the law. (*Id.* at 10.) For example, he asserts that "Caressa Y. Hamilton [has been] enriched at [his] expense," and that she "reaps the rewards of his income and is not required to

---

[1] IV-D refers to Title IV-D of the Social Security Act, which sets forth numerous requirements States must conform to with respect to their child support enforcement programs if they wish to qualify for federal Aid to Families with Dependent Children funds. *See Blessing v. Freestone*, 520 U.S. 329, 333 (1997). For example, "the State must do more than simply collect overdue support payments; it must also establish a comprehensive system to establish paternity, locate absent parents, and help families obtain support orders." *Id.* at 333-34 (citing 42 U.S.C. §§ 651, 654). The State "may keep most of the support payments that it collects on behalf of AFDC families in order to offset the costs of providing welfare benefits." *Id.* at 334.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Title IV-A of the Social Security Act sets forth the Aid to Families with Dependent Children program. *See Blessing*, 520 U.S. at 333 (citing 42 U.S.C. §§ 601-17).

2

work." (*Id.*)[4] He also contends that Hamilton receives "a huge financial windfall," forcing Owens "into poverty while [Hamilton] enjoy[s] a notably higher standard of living." (*Id.*) Owens also notes that Hamilton "now has the tax advantages attendant to being a custodial parent." (*Id.* at 11.) He asserts that Hamilton committed identity theft by providing his Social Security number to the Bureau of Child Support Enforcement "without consent or permission as a method to obtain benefits." (*Id.*) Owens also contends that he signed the certificate of parentage under duress. (*Id.* at 13.)

Overall, it appears that Owens is upset about the fact that he has been court-ordered to pay child support to the mother of his children. As relief, he asks that the child support proceedings be dismissed "for [l]ack of IV-D [j]urisdiction." (*Id.* at 14.)

## II. STANDARD OF REVIEW

The Court will grant Owens leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Owens is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[4] The Court presumes that Hamilton is the mother of Owens's children.

3

## III. DISCUSSION

### A. Claims Seeking Review of State Rulings

As noted above, Owens requests that this Court dismiss his state child support proceedings "for [l]ack of VI-D [j]urisdiction and all repugnant orders thereto." (Compl. at 14.) To the extent that Owens is seeking review rulings entered in his state child support proceedings, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, to the extent Owens seeks review and reversal of any state court judgments, this Court lacks jurisdiction over such claims.

### B. Claims Pursuant to 42 U.S.C. § 1983

Owens also appears to be challenging the constitutionality of Pennsylvania's statutory scheme for enforcing child support obligations, as well as the constitutionality of child support obligations imposed upon him by the state courts. The Court therefore construes Owens's Complaint to be raising claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Owens fails to state a plausible claim for relief against any of the named Defendants.

4

1.  **Claims Against "42 U.S.C. § 654(3) Pennsylvania Bureau of Child Support Enforcement and the 45 CFR § 302.32 Contractors Thereof Offenders"**

Owens cannot proceed against the Pennsylvania Bureau of Child Support Enforcement. This entity is entitled to Eleventh Amendment immunity and does not constitute a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Biesecker by Biesecker v. Cerebral Palsy Ass'n, Chester Cty. Disabilities Servs.*, No. 17-2586, 2018 WL 3416384, at *6-7 (E.D. Pa. July 13, 2018). Accordingly, Owens's claims against this entity are subject to dismissal with prejudice.

While not clear, it appears that Owens may be attempting to hold individual employees of the Bureau of Child Support Enforcement liable through his reference to the "Contractors Thereof." While it would be appropriate for Owens to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual he seeks to proceed against was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). It is not appropriate for Owens to sue all employees unless each and every employee was personally involved in violating his rights. Thus, his allegations are insufficient to state a claim without any reference to which specific individuals engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

2.  **Claims Against Domestic Relations Section Court of Common Pleas of Delaware County**

Owens's claims against the Domestic Relations Section of the Court of Common Pleas of Delaware County also cannot proceed. The Court of Common Pleas is not a "person" subject to

liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Brown's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, Owens's claims against the Domestic Relations Section of the Court of Common Pleas are subject to dismissal with prejudice.

### 3. Claims Against Judge Linda A. Cartisano

As an initial matter, Owens fails to mention Judge Cartisano in the body of his Complaint and therefore has not stated a basis for imposing liability against her. Presumably, Judge Cartisano is the Judge who has presided over Owens's child support proceedings, and he is upset about rulings she has made in that matter. If this is why Owens has named Judge Cartisano as a Defendant, he may not proceed on his § 1983 claims against her because they are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, the Court must dismiss Owens's claims against Judge Cartisano as legally baseless because those claims are based on acts taken in her judicial capacity in presiding over the child support proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Owens leave to proceed *in forma pauperis* and dismiss his Complaint. Owens's claims seeking review of orders entered in his state child support proceedings will be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Owens's 42 U.S.C. § 1983 claims against the Pennsylvania Bureau of Child Support Enforcement, the Domestic Relations Section of the Court of Common Pleas of Delaware

6

County, and Judge Linda A. Cartisano will be dismissed with prejudice, and his claims against the "Contractors Thereof" will be dismissed without prejudice to his right to file an amended complaint, as set forth in the Order that follows.

**BY THE COURT:**

_____
**JUAN R. SÁNCHEZ, C.J.**