IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEN OF THE FAMILY** | : | |
| **OWENS (MAN),** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 18-CV-3792** |
| | : | |
| **42 U.S.C. 654(3) PENNSYLVANIA** | : | |
| **BUREAU OF CHILD SUPPORT** | : | |
| **ENFORCEMENT AND THE 45 CFR** | : | |
| **302.34 CONTRACTORS THEREOF** | : | |
| **OFFENDERS,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                                **OCTOBER 5, 2018**

On September 5, 2018, *pro se* Plaintiff Ken of the Family Owens (Man) filed this civil action by submitting a document he titled "Demand for Dismissal for Lack of IV-D Jurisdiction, Fraud in the Inducement by Undue Influence." (ECF No. 2.) The Court construed Owens's document to be a Complaint brought pursuant to 42 U.S.C. § 1983. Owens also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)

By Memorandum and Order entered on September 11, 2018, the Court granted Owens leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 5, 6.) Specifically, the Court noted that it lacked jurisdiction over claims seeking dismissal of the state child support proceedings. (ECF No. 5 at 4.) The Court also concluded that the Pennsylvania Bureau of Child Support Enforcement was entitled to Eleventh Amendment immunity and was not a person for purposes of § 1983, and that if Owens was attempting to hold individual employees of the Bureau liable, he had failed to state a claim against them. (*Id.* at 5.) Finally, the Court noted that the Domestic Relations Section of the Court of Common Pleas of Delaware County was also

entitled to Eleventh Amendment immunity and was not a person for purposes of § 1983, and that Judge Linda A. Cartisano was entitled to absolute immunity for Owens's claims against her because those claims were based on acts she took in her judicial capacity in presiding over the child support proceedings. (*Id.* at 5-6.) The Court granted Owens leave to file an amended complaint within thirty (30) days in the event he could set forth a claim against the "Contractors Thereof," a reference to Bureau employees. (*Id.* at 6-7.)

On October 4, 2018, the Court received another document from Owens titled "Demand for Dismissal for Lack of IV-D Jurisdiction, Fraud in the Inducement by Undue Influence." (ECF No. 7.) The Court construes this document to be Owens's Amended Complaint. Owens again names "42 U.S.C. § 654(3) Pennsylvania Bureau of Child Support Enforcement and the 45 CFR 302.34 Contractors Thereof Offenders," the "Domestic Relations Section Court of Common Pleas of Delaware County," and Judge Linda A. Cartisano as the Defendants. For the following reasons, the Court will dismiss the Amended Complaint, as it does not cure the defects identified in Owens's initial Complaint.

## I.   FACTS

Owens brings this suit requesting that his "IV-D collections case"[1] be closed "for fraud." (Am. Compl. at 2.)[2] He asserts that the IV-D provisions are "repugnant to the

---

[1] As previously noted, IV-D refers to Title IV-D of the Social Security Act, which sets forth numerous requirements States must conform to with respect to their child support enforcement programs if they wish to qualify for federal Aid to Families with Dependent Children funds. *See Blessing v. Freestone*, 520 U.S. 329, 333 (1997). For example, "the State must do more than simply collect overdue support payments; it must also establish a comprehensive system to establish paternity, locate absent parents, and help families obtain support orders." *Id.* at 333-34 (citing 42 U.S.C. §§ 651, 654). The State "may keep most of the support payments that it collects on behalf of AFDC families in order to offset the costs of providing welfare benefits." *Id.* at 334.

[2] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[C]onstitution and abrogate[] the injured party's inherent right to raise his offspring in private without the [Pennsylvania Department of Human Services'] for profit destructive intrusion into his private life." (*Id.* at 4.) Owens contends that "Title IV-D only reads as a collection scheme for recouping IV-A[3] loans extended by PADHS to needy women with children from legal fathers." (*Id.* at 6.) He appears to believe that by signing a certificate of parentage, a noncustodial parent "assum[es] the obligation of IV-A extended loans" without being told that he or she is doing so. (*Id.* at 9.) He also asserts that the "certificate of parentage allows the IV-D applicant to seek a child support order without further court proceedings to establish paternity," in violation of "Article I § 11." (*Id.*)

Owens goes on to allege that the "compelled IV-D payments" have denied him equal protection of the law. (*Id.* at 12-13.) For example, he asserts that "Caressa Y. Hamilton [has been] enriched at [his] expense," and that she "reaps the rewards of his income and is not required to work." (*Id.* at 13.)[4] He also contends that Hamilton receives "a huge financial windfall," forcing Owens "into poverty while [Hamilton] enjoy[s] a notably higher standard of living." (*Id.*) Owens also notes that Hamilton "now has the tax advantages attendant to being a custodial parent." (*Id.* at 11.) He asserts that Hamilton committed identity theft by providing his Social Security number to the Bureau of Child Support Enforcement "without consent or permission as a method to obtain benefits." (*Id.*) Owens also contends that he signed the certificate of parentage under duress. (*Id.* at 14-15.)

Once again, it appears that Owens is upset about the fact that he has been court-ordered to pay child support to the mother of his children. In his Amended Complaint, he appears to

---

[3] Title IV-A of the Social Security Act sets forth the Aid to Families with Dependent Children program. *See Blessing*, 520 U.S. at 333 (citing 42 U.S.C. §§ 601-17).

[4] The transcript attached to Owens's Amended Complaint clarifies that Hamilton is the mother of Owens's children.

suggest that Judge Cartisano is not entitled to judicial immunity because she is "paid out of the state treasury," and the "incentive money that is collected by child support goes into the state treasury." (*Id.* at 2.) He also argues that even though Judge Cartisano told him that the child support proceedings were a "judicial hearing, she heard the case "in an administrative building." (*Id.* at 4.) Owens has attached to his Amended Complaint a transcript of proceedings that took place before Judge Cartisano on April 10, 2018, as well as a letter dated November 27, 2017 from the Clerk of Courts for Delaware County. (*Id.* at 18-34.) As relief, he asks that the child support proceedings be dismissed "for [l]ack of IV-D [j]urisdiction." (*Id.* at 16.)

## II.   STANDARD OF REVIEW

Because the Court previously granted Owens leave to proceed *in forma pauperis*, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Owens is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

### A.   Claims Seeking Review of State Rulings

Owens once again requests that this Court dismiss his state child support proceedings "for [l]ack of VI-D [j]urisdiction and all repugnant orders thereto." (Am. Compl. at 16.) As the Court explained previously, it lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman*

doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, this Court lacks jurisdiction over claims seeking review and reversal of any state court judgments in Owens's child support proceedings.

B.   **Claims Pursuant to 42 U.S.C. § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Owens again fails to state a plausible claim for relief against any of the named Defendants.

1.   **Claims Against "42 U.S.C. § 654(3) Pennsylvania Bureau of Child Support Enforcement and the 45 CFR § 302.32 Contractors Thereof Offenders" and the Domestic Relations Section of the Court of Common Pleas of Delaware County**

As the Court previously explained, Owens cannot proceed against the Pennsylvania Bureau of Child Support Enforcement because this entity is entitled to Eleventh Amendment immunity and does not constitute a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Biesecker by Biesecker v. Cerebral Palsy Ass'n, Chester Cty. Disabilities Servs.*, No. 17-2586, 2018 WL 3416384, at *6-7 (E.D. Pa. July 13, 2018). Moreover, to the extent Owens is seeking to hold individual employees of the Bureau liable through his reference to the "Contractors Thereof," he has again failed to explain how each individual he seeks to proceed against was personally involved in the violation of his

constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Finally, as previously explained, Owens cannot proceed against the Domestic Relations Section of the Court of Common Pleas of Delaware County because that entity is also entitled to Eleventh Amendment immunity and is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, Owens's claims against the Bureau, "Contractors Thereof," and the Domestic Relations Section of the Court of Common Pleas are subject to dismissal.

### 2. Claims Against Judge Linda A. Cartisano

As an initial matter, Owens fails to mention Judge Cartisano in the body of his Amended Complaint and therefore has not stated a basis for imposing liability against her. However, from the transcript Owens has attached it is clear that Judge Cartisano is the Judge who presided over Owens's child support proceedings. As noted above, Owens believes that she is not entitled to judicial immunity because she gets paid from the same state treasury that "incentive money that is collected by child support goes into," and because she held proceedings in an administrative building despite referring to them as judicial proceedings.

"The doctrine of judicial immunity is founded upon the premises that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). A judge is therefore "absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial immunity is only overcome when the challenged

actions were nonjudicial in nature, "i.e., actions not taken in the judge's judicial capacity," and where the actions, even if judicial in nature, were taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (alteration omitted); *see Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

Here, Owens's arguments regarding Judge Cartisano do not contest that her actions were taken within her judicial capacity and within her jurisdiction. Accordingly, to the extent Owens may seek damages against Judge Cartisano, his claims are barred by absolute immunity. Moreover, to the extent Owens seeks declaratory or injunctive relief against the Judge, such claims are barred by the Federal Courts Improvement Act, which provides that "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (quoting 42 U.S.C. § 1983). In this instance, Owens has not alleged that a declaratory decree was violated or that declaratory relief is unavailable. Consequently, any claims for declaratory or injunctive relief are likewise barred. *See id.*; *see also Mikhail v. Kahn*, 572 F. App'x 68, 71 (3d Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, the Court will construe Owens's "Demand for Dismissal for Lack of IV-D Jurisdiction, Fraud in the Inducement by Undue Influence" to be his Amended Complaint and dismiss the Amended Complaint. Owens's claims seeking review of orders entered in his state child support proceedings will be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Owens's 42 U.S.C. § 1983 claims against the Pennsylvania Bureau of Child Support Enforcement, the Domestic Relations Section of the Court of Common Pleas of Delaware County, and Judge Linda A. Cartisano will be dismissed with prejudice. Because Owens has been given an opportunity to amend and has not alleged anything that gives

rise to a clear basis for a claim, the Court concludes that further attempts to amend would be futile. An appropriate Order follows.

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**